SAMUEL L. JAFFE, PLAINTIFF-APPELLANT, v. ROSA RATTI, JERRY LaBATE AND ROY CAREY, DEFEND-ANTS-RESPONDENTS.

Submitted October 5, 1937—Decided April 9, 1938.

Before Justices CASE and DONGES.

For the plaintiff-appellant, *Samuel Rosenthal* and *Morris H. & Charles E. Cohn.*

For the defendants-respondents, *Benjamin H. Priest* and *Mario Turtur.*

PER CURIAM.

The appeal is from a judgment for the defendants in an action in replevin entered on defendants' motion at the close of plaintiff's case. The judge of the District Court for the Fifth Judicial District of the county of Union heard the case without a jury. The question is whether there was evidence to sustain the court's finding.

The goods had originally been bought by the defendant LaBate from the plaintiff. LaBate had given his note for $1,000 as part of the transaction and had secured the note by a chattel mortgage covering the articles in question. On a default in the terms of the mortgage, the goods were sold at bailiff's sale and were bought in by plaintiff. This action was brought to obtain possession under that sale.

The trial below turned upon the construction given by the court to the affidavit annexed to the mortgage which set out that:

"The mortgagee is the payee of a certain promissory note dated the 11th day of August, 1936, in the sum of One Thousand Dollars ($1,000.00) made by the mortgagor herein, and payable to the mortgagee herein, on September 10th, 1936, together with interest at the rate of 6% per annum. Said sum represents the balance due from the mortgagor to the mortgagee upon the purchase price of the mortgagee's butcher shop and goods and chattels contained therein located at No. 11 North Union Avenue, Cranford, New Jersey, and this day sold by the mortgagee to the mortgagor. This chattel mortgage is given by the mortgagor herein to the mortgagee herein to secure payment of the said promissory note, same being a purchase-money chattel mortgage, and deponent further says that there is due and to grow due on said mortgage the sum of One Thousand ($1,000.00) Dollars besides lawful interest thereon from the 11th day of August, 1936."

The court considered that the testimony demonstrated that affidavit to be false and that, under *Hunl* v. *Ludwig,* 94 *N. J. Eq.* 158, passing upon section 4 of the Chattel Mortgages act (1 *Comp. Stat., p.* 463), he was constrained to find for the defendant. It appears to us that the judge was mistaken in his conception of the facts and of the law. The testimony given by the plaintiff was that he had sold the chattels to LaBate for the sum of $3,000.00, upon which amount he had received a payment of $2,000, and that the note and the chattel mortgage represented the $1,000 remaining due. Blau, plaintiff's agent in effecting the sale, gave testimony that was inconsistent within itself and also with the plaintiff's testimony. Blau testified that he had owed a personal debt to a third party in the amount of $500 and that he had proposed to LaBate that the latter assume the payment of that debt and take the goods at a purchase price of $3,500, LaBate's assumption of the debt to be credited upon that $3,500 price. He further testified that he had proposed to LaBate that if the latter would pay Blau $500

personally so that he could pay off his indebtedness LaBate could have the goods for the further sum of $3,000. But it will be noted that neither phase of this inconsistent proposition reduced the sum remaining unpaid to less than $1,000. Whether the price was $3,500, upon which LaBate received a credit of $500 by paying a debt of Blau's, or the price was $3,000, in consideration of which reduced price LaBate made Blau an outside payment of $500 so that the latter could pay off his indebtedness, there remained a net sum of $3,000 on the purchase price, of which $2,000 had been paid and $1,000 remained due represented by the note and chattel mortgage in question. The statute requires that the mortgage have "annexed thereto an affidavit or affirmation * * * stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon * * *." It appears to us that the affidavit set out above complies with that requirement and is not adversely affected by the determination of the Court of Errors and Appeals in *Hunt* v. *Ludwig, supra*.

The judgment will be reversed.